UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYIA MCMILLIAN, *et al.*,

    Plaintiffs,

v.

GOVERNOR RICHARD DALE
SNYDER, *et al.*,

    Defendants.
_____/

Case No. 16-10796

Hon. John Corbett O'Meara

## OPINION AND ORDER

Before the court are several motions to dismiss Plaintiffs' first amended class action complaint. For the reasons explained below, Defendants' motions to dismiss are granted.

## BACKGROUND FACTS

This action arises out of the contamination of drinking water in Flint, Michigan. Plaintiffs allege several causes of action against multiple defendants, including City of Flint and State of Michigan officials and engineering firms that provided services to the City. Plaintiffs' first amended complaint alleges the following causes of action: Count I, violation of the Safe Drinking Water Act; Count II, violation of the Safe Drinking Water Act; Count III, violation of 42

U.S.C. § 1983, substantive due process, state created danger; Count IV, violation of § 1983, substantive due process, bodily integrity; Count V, negligence; Count VI, intentional infliction of emotional distress; Count VII, negligent infliction of emotional distress; Count VIII, inverse condemnation under Michigan Constitution; Count IX, nuisance; Count X, trespass; Count XI, unjust enrichment; Count XII, strict liability; Count XIII, gross negligence; Count XIV, "proprietary function" in avoidance of governmental immunity; and Count XV, professional negligence. Defendants seek dismissal of the amended complaint.

## LAW AND ANALYSIS

### I. Preclusion of § 1983 Claims

As this court has determined in two other Flint water contamination cases, Plaintiffs' constitutional claims brought pursuant to 42 U.S.C. § 1983 are precluded by the Safe Drinking Water Act. See Boler v. Earley, No. 16-10323, Docket No. 56 (E.D. Mich., O'Meara, J.); Mays v. Snyder, No. 15-14002, Docket No. 196 (E.D. Mich., O'Meara, J.). Plaintiffs' § 1983 claims are indistinguishable from the claims this court found to be precluded by the SDWA in Boler and Mays. Accordingly, the court will dismiss Plaintiffs' § 1983 claims.

### II. Safe Drinking Water Act Claims

Defendants contend that Plaintiffs' SDWA claims should be dismissed

because they have not complied with the statute's jurisdictional requirements. The SDWA provides:

> No civil action may be commenced--
>
> (1) under subsection (a)(1) of this section respecting violation of a requirement prescribed by or under this subchapter–
>
> (A) prior to sixty days after the plaintiff has given notice of such violation (i) to the Administrator, (ii) to any alleged violator of such requirement and (iii) to the State in which the violation occurs. . . .

42 U.S.C. § 300j-8(b)(1)(A). This sixty-day notice provision was modeled after § 304 of the Clean Air Amendments of 1970. See Hallstrom v. Tillamook Cty., 493 U.S. 20, 23 & n.1 (1989). A number of other federal statues contain notice provisions also patterned after § 304, including the Resource Conservation and Recovery Act of 1976 ("RCRA"). Id. at 22-23. In interpreting RCRA's notice provision, which is virtually identical to the SDWA's notice provision, the Supreme Court concluded that the "language of this provision could not be clearer. . . . Under a literal reading of the statute compliance with the 60-day notice provision is mandatory, not optional, condition precedent for suit." Id. at 26. The Court directed that when a plaintiff fails to comply with notice provision, "the district court must dismiss the action as barred by the terms of the statute." Id. at

33.

Plaintiffs here have not complied with the SDWA's notice requirement. They argue, however, that the plaintiffs in a separate action, Concerned Pastors for Social Action v. Khouri, No. 16-10277, provided notice regarding the same violations and that duplicate notice should not be required. Plaintiffs provide no authority for the proposition that notice provided by separate plaintiffs in a separate suit serves to excuse the statutory requirement. In the cases cited by Plaintiffs, at least one plaintiff named in the action provided notice. See, e.g., Environmental Defense Fund v. Tidwell, 837 F. Supp. 1344, 1352-53 (E.D.N.C. 1992). None of the Plaintiffs named in this case have provided notice. Consistent with the statute and Hallstrom, the court must dismiss Plaintiffs' SDWA claims.

### III. State Claims

The court will decline to exercise supplemental jurisdiction over Plaintiffs' claims arising under state law. Generally, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." Taylor v. First of Am. Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).

### ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants' motions to

dismiss Plaintiffs' complaint are GRANTED, consistent with this opinion and order. Plaintiff's complaint is DISMISSED.

                                                                      s/John Corbett O'Meara
                                                                      United States District Judge

Date: February 7, 2017

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 7, 2017, using the ECF system.

                                                                      s/William Barkholz
                                                                      Case Manager