UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MYIA MCMILLIAN, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 5:16-cv-10796-JCO-MKM |
| v. ) | Honorable John Corbett O'Meara |
| ) | Mag. Judge Mona K. Majzoub |
| GOVERNOR RICHARD DALE ) | |
| SNYDER, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO ALTER OR AMEND JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 59(e) and 60, Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively, "VNA Defendants") move to alter or amend the judgment dismissing Plaintiffs' Complaint insofar as it declined to exercise jurisdiction over Plaintiffs' state-law claims. The Class Action Fairness Act affords this Court jurisdiction to decide Plaintiffs' state-law claims.

As Local Rule 7.1(a) requires, the VNA entities sought concurrence from Plaintiffs' counsel as to this motion on March 7, 2017. Plaintiffs' counsel does not concur in the alteration or amendment of the judgment, but does support the VNA Defendants' request that this Court hold this motion until the Sixth Circuit issues its decision in the *Davenport* appeal, *In re Veolia North America Operating*

*Services, LLC*, Case No. 16-0103 (6th Cir.), which is expected to be decided by April 28, 2017.

Respectfully submitted,

| **CAMPBELL, CAMPBELL, EDWARDS & CONROY P.C.** | **BUSH SEYFERTH & PAIGE PLLC** |
|---|---|
| By: /s/ James M. Campbell<br>James M. Campbell<br>John A. K. Grunert<br>One Constitution Center, 3rd Floor<br>Boston, MA 02129<br>(617) 241-3000<br>jmcampbell@campbell-trial-lawyers.com<br>jgrunert@campbell-trial-lawyers.com | By: /s/ Cheryl A. Bush<br>Cheryl A. Bush (P37031)<br>Michael R. Williams (P79827)<br>3001 W. Big Beaver Rd. Suite 600<br>Troy, MI 48084<br>(248) 822-7800<br>bush@bsplaw.com<br>williams@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: March 7, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MYIA MCMILLIAN, *et al.*,   )<br>                                                 )<br>     *Plaintiffs*,                      )<br>                                                 )<br>v.                                           )<br>                                                 )<br>GOVERNOR RICHARD DALE   )<br>SNYDER, *et al.*,                  )<br>                                                 )<br>     *Defendants*.                   ) | Case No. 5:16-cv-10796-JCO-MKM<br>Honorable John Corbett O'Meara<br>Mag. Judge Mona K. Majzoub |

**BRIEF IN SUPPORT OF VNA DEFENDANTS'
MOTION TO ALTER OR AMEND JUDGMENT**

## STATEMENT OF ISSUE PRESENTED

Does the Court have jurisdiction to hear Plaintiffs' state-law claims under the Class Action Fairness Act?

**Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC answer:** "Yes."

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

*Intera Corp. v. Henderson*,
　　428 F.3d 605 (6th Cir. 2005)

28 U.S.C. § 1332(d)(4)(A)(ii)

The VNA Defendants moved to dismiss the Complaint in this case, but they never challenged the Court's subject-matter jurisdiction to hear all of Plaintiffs' claims. To the contrary, the VNA Defendants expressly stated that this Court has original subject-matter jurisdiction over Plaintiffs' state-law claims under the Class Action Fairness Act ("CAFA"). Having dismissed the federal law claims, however, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims without addressing its own original jurisdiction under CAFA. Because this Court has original jurisdiction over Plaintiffs' state-law claims under CAFA, it should not have declined to exercise jurisdiction over those claims. The Court should vacate its order and judgment declining to exercise jurisdiction over Plaintiffs' state-law claims and should resolve on the merits Defendants' arguments for dismissing Plaintiffs' state-law claims.

## BACKGROUND

On October 25, 2016, the VNA Defendants moved to dismiss Plaintiffs' Complaint on various grounds, including that it impermissibly lumped together allegations about the three VNA Defendants; did not contain a short and plain statement of the claims alleged; and failed to state a claim upon which relief could be granted. Veolia Defs.' Mot. to Dismiss or, in the Alternative, Mot. for More Definite Statement 1-2, ECF No. 102. The Motion expressly stated that VNA Defendants"[u]nder the Class Action Fairness Act ["CAFA"], there is a federal

1

jurisdictional basis for the state claims. 28 U.S.C. § 1332(d)(2)." Mot. to Dismiss 16 n.6.

On February 7, 2017, the Court dismissed the case. The Court dismissed Plaintiffs' claims under 42 U.S.C. § 1983 on the ground that they were preempted by the Safe Water Drinking Act. Op. & Order 2, ECF 136. The Court dismissed the Plaintiffs' claims under the Safe Water Drinking Act for failure to plead compliance with the statutory notice provision. *Id.* at 2-4. Having dismissed the federal claims, the Court then declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *Id.* at 4. The Court did not address whether it had original jurisdiction over Plaintiffs' state-law claims under CAFA.

## ARGUMENT

A "motion to alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) may be granted "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The "purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Machesney v. Lar-Bev of Howell, Inc.*, 317 F.R.D. 47, 54

(E.D. Mich. 2016) (internal marks omitted). "A district court, generally speaking, has considerable discretion in deciding whether to grant such a motion." *Id.*[1]

Here, the Court committed a "clear error of law" by declining to exercise jurisdiction over Plaintiffs' state-law claims. The question of *supplemental* jurisdiction never should have arisen because this Court has *original* jurisdiction over Plaintiffs' state-law claims under CAFA. *See* 28 U.S.C. § 1367(c) ("[t]he district courts may decline to exercise supplemental jurisdiction" only if "the district court has dismissed all claims over which it has original jurisdiction"). The Court should correct its error by vacating the judgment insofar as it declines to exercise jurisdiction over Plaintiffs' state-law claims, and should resolve VNA's Motion to Dismiss the state-law claims on the merits. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (federal courts "have a strict duty to exercise the jurisdiction that is conferred upon them by Congress").[2]

---

[1]   In the event this Court finds that Fed. R. Civ. P. 60 is more applicable here than Fed. R. Civ. P. 59(e), the VNA Defendants also bring this motion pursuant to Rule 60. *Cf. Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (construing motion brought under Rule 59 motion as a Rule 60 motion for relief from judgment); *see also* 11 Charles Alan Wright et al., Federal Practice and Procedure Civil § 2817 ("There is a considerable overlap between Rule 59(e) and Rule 60.").

[2]   Plaintiffs' Complaint did not plead federal jurisdiction under CAFA. *See* First Am. Class Action Compl. ¶¶ 104-106. However, Plaintiffs' jurisdictional pleadings are not controlling, and the Court may exercise jurisdiction on a basis that was not pleaded by Plaintiffs. *See Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 396-97 (6th Cir. 2016) (plaintiffs' failure to identify correct statutory basis for jurisdiction did not divest Sixth Circuit of jurisdiction, the scope of which had to

As in *Davenport*, *Gilcreast*, and other related cases, there is no reasonable dispute that Plaintiffs' Complaint satisfies CAFA's grant of original jurisdiction. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (CAFA "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000."). Plaintiffs bring this action on behalf of a putative class of "tens of thousands of Flint residents." First Am. Compl. ¶ 1, ECF 50. Minimal diversity exists because many Plaintiffs are citizens of Michigan and the VNA Defendants are alleged to be citizens of Delaware and elsewhere. *Id*. ¶¶ 23-71, 99-101. Lastly, the amount in controversy is plainly in excess of $5,000,000, as Plaintiffs' request for relief on behalf of that putative class includes general, compensatory, and punitive damages for Flint-water related claims, injunctive relief to remediate the harm in Flint including property repairs, and a medical monitoring fund. *Id*. ¶ 125; *see also, e.g.*, *Mason v. Lockwood, Andrews & Newnam, P.C.,* No. 16-10663, 2016 WL 7975280, at *1 (E.D. Mich. May 11,

---

be established upon "review of the entire Complaint" and not just section entitled "Jurisdiction and Venue"); *AmSouth Bank v. Dale*, 386 F.3d 763, 779-80 (6th Cir. 2004); *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 5-6 (1st Cir. 1999) (holding that "[a]ffirmative pleading of the precise statutory basis for federal subject matter jurisdiction is not required as long as a complaint alleges sufficient facts to establish jurisdiction," and defendant's argument to the contrary was "pettifoggery, pure and simple").

2016) (observing that "the aggregate amount in controversy exceeds $5,000,000" in a similar Flint-water-related case); Op. & Order Granting Pls.' Mot. to Remand at 3, *Davenport v. Lockwood, Andrews & Newman, P.C.*, Case No. 16-12875 (E.D. Mich.), ECF No. 28.

The VNA Defendants understand that this Court has dismissed other Flint Water cases against VNA for lack of subject-matter jurisdiction under the "local controversy" exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(A). *See Gilcreast v. Lockwood, Andrews & Martin*, Case No. 16-11173 (E.D. Mich.); *Davenport v. Lockwood, Andrews & Newman, P.C.*, Case No. 16-12875 (E.D. Mich.). As Veolia North America Operating Services, LLC has explained in its application to the Sixth Circuit in *Davenport* (and in other cases before this Court), the local controversy exception to CAFA is inapplicable if a case does not meet the requirement that "during the 3-year period preceding the filing of [this] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii).

In this case, at least two such putative class actions had been filed during the three year period before March 7, 2016, when Plaintiffs filed their Complaint in this case. *See McIntosh v. State of Michigan*, 5:16-cv-10571-JCO-MKM (E.D. Mich. filed Feb. 16, 2016); *Mason v. Lockwood, Andrews & Newman, P.C.*, No.

5

16-106150-NM (Genesee Cty. Cir. Ct. filed Jan. 25, 2016). As here, Plaintiffs in those cases allege on behalf of the same or similar putative classes that VNA and other defendants are liable for the same or similar Flint-water related claims. This Court accordingly possessed original jurisdiction under CAFA and therefore erred by declining to exercise jurisdiction over Plaintiffs' state-law claims.

The VNA Defendants further observe that on February 27, 2017, the U.S. Court of Appeals for the Sixth Circuit granted VWNAOS's Petition for Leave to Appeal this Court's order remanding *Davenport* to state court. *See* Order, *In re Veolia North America Operating Services, LLC*, Case No. 16-0103 (6th Cir.), ECF 14-1. In the *Davenport* appeal, the Sixth Circuit will decide whether this Court has correctly interpreted the "no other class action" clause of CAFA's local controversy exception. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). VWNAOS contends that the exception did not apply in *Davenport* because five "other class action[s]" had been filed within the three years before Plaintiffs had filed their Complaint in that case. *See* Pet. for Leave to Appeal at 1, Case No. 16-0103 (6th Cir.), ECF 1-2. By statute, the Sixth Circuit has 60 days to decide the *Davenport* appeal; a decision is therefore expected by April 28, 2017. *See* 28 U.S.C. § 1453(c)(2).

Because the Sixth Circuit's decision in *Davenport* is expected shortly, this Court may wish to hold this Motion until the Sixth Circuit issues its decision. The Sixth Circuit's decision in *Davenport* almost certainly will control the question of

whether this Court has original jurisdiction over Plaintiffs' state-law claims and therefore erred in declining to exercise jurisdiction over those claims. Thus, if the Sixth Circuit in *Davenport* holds that this Court has jurisdiction under CAFA, then alteration or amendment of the judgment in this case would likely follow automatically. By contrast, if the Sixth Circuit in *Davenport* determines that this Court correctly interpreted CAFA, that holding likely would require the denial of this Motion. By holding this Motion until *Davenport* is decided, this Court will prevent an unnecessary appeal in this case while conserving its judicial resources for use in other cases.

For all these reasons, the VNA Defendants request that the Court grant this Motion to Alter or Amend Judgment; vacate its order and judgment declining to exercise jurisdiction over Plaintiffs' state-law claims; and dismiss Plaintiffs' Complaint on the merits and in its entirety for the reasons previously stated by the VNA Defendants in their Motion to Dismiss. The Court may also wish to hold this Motion until after the Sixth Circuit issues its decision in *Davenport*.

Respectfully submitted,

| **CAMPBELL, CAMPBELL, EDWARDS & CONROY P.C.** | **BUSH SEYFERTH & PAIGE PLLC** |
|---|---|
| By: /s/ James M. Campbell<br>James M. Campbell<br>John A. K. Grunert<br>One Constitution Center, 3rd Floor<br>Boston, MA 02129<br>(617) 241-3000<br>jmcampbell@campbell-trial-lawyers.com<br>jgrunert@campbell-trial-lawyers.com | By: /s/ Cheryl A. Bush<br>Cheryl A. Bush (P37031)<br>Michael R. Williams (P79827)<br>3001 W. Big Beaver Rd. Suite 600<br>Troy, MI 48084<br>(248) 822-7800<br>bush@bsplaw.com<br>williams@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc.,, and Veolia Water North America Operating Services, LLC*

Dated: March 7, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 7, 2017, I electronically filed **VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO ALTER OR AMEND JUDGMENT** with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

/s/ Michael Williams
Michael R. Williams (P79827)